CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-cr-00191-AMO-3 |
| Plaintiff, | **UNITED STATES' OPPOSITION TO REQUEST TO REFER GARLAND RABON FOR A CAP EVALUATION** |
| v. | |
| GARLAND RABON, | Date: August 4, 2025 |
| Defendant. | Time: 2:00 p.m. |

This is not a case suitable for CAP referral because the defendants are members of the violent Ghost Town street gang who committed violent, takeover armed robberies inflicting trauma and harm on members of the community. Defendant Rabon was an active participant in the violent conduct, and he pledged his loyalty to the Ghost Town gang in social media posts. He celebrated his ill-gotten gains with fellow gang members in posts on his social media account and in a Youtube video still active today. The defense relies on other cases in the district, mostly involving defendants in the grip of addiction to make its case for a referral here. But none of the cited cases involve the kind of coordinated, carefully planned violence by gang members at issue here. Moreover, none of those cases is remotely similar procedurally. All nine defendants have pled guilty. Two have been sentenced. None of the other defendants will participate in CAP. The Court recently remanded a co-defendant who sought screening for CAP. To screen Garland Rabon will create disparities in this case involving multiple defendants engaged in a violent conspiracy. Finally, the request is inconsistent with Congress's directive for mandatory remand for crimes of violence.

By way of background, on May 5, 2025, defendant Garland Rabon pled guilty to the three counts against him in the Second Superseding Indictment, charging him with Conspiracy to Engage in Robbery Affecting Interstate Commerce and Hobbs Act Robbery and Aiding and Abetting Hobbs Act Robbery. These counts relate to Rabon's participation in two violent takeover robberies with other Ghost Town gang members—the November 12, 2022, robbery of H Bee Jewelry Store in San Pablo, CA, and the December 24, 2022, robbery of Joyus Wellness in Oakland, CA. During these robberies, the defendants brandished firearms to subdue and traumatize their victims, in order to steal jewelry, cash and marijuana from the small businesses. At H Bee, the robbers used firearms to restrain two victims, sitting atop one of them, while an elderly female victim retreated and wailed in fear. Garland Rabon was inside H Bee during the robbery, where three adult victims and three bystanders were harmed. In the Joyus robbery, the robbers restrained the victim using firearms but also used one to strike the victim in the head.

Against this backdrop, the government opposes Rabon's request to be referred to the CAP for potential imposition of a non-custodial sentence. CAP is not meant for defendants like Rabon, nor the concerted and violent offense conduct at issue here. In fact, pursuant to 18 U.S.C. § 3143(a), Congress has directed that defendants who have been adjudged guilty of a crime of violence, like Rabon, be

subject to mandatory remand. This congressional directive is inconsistent with permitting Rabon to remain out of custody to participate in CAP.

Although § 3143's congressional directive is dispositive, it bears noting that Rabon's conduct and status are inconsistent with CAP's design, which is primarily aimed at "defendants at higher risk of reoffending due to factors such as youth, early onset of substance abuse or delinquency, failed treatment or rehabilitation attempts, or prior felony convictions." *See* https://cand.uscourts.gov/about/court-programs/problem-solving-courts-programs/. This does not describe Rabon, who does not suffer from addiction. *See* ECF 77 at p. 11. ("Mr. Rabon has smoked marijuana in the past but has otherwise minimal drug use."). There is no indication that Rabon previously participated unsuccessfully (or at all) in drug treatment. Rabon also reports that he has "no mental health issues." (ECF 61 at p. 6.) Nor is Rabon particularly young—he will be 30 in November. (ECF 53.) Rabon was part of a violent robbery crew that was bound together by loyalty to a criminal street gang and intent on harming members of the community in service of their desire for financial gain. In this regard, Rabon is seen celebrating with other Ghost Town gang members at the "Miya Surprise Party" on December 22, 2022, after the H Bee robbery and two days before the Joyus robbery. See https://www.youtube.com/watch?app=desktop&v=n0MOJIYM1JU&edufilter=NULL. Rabon is seen wearing a flashy gold necklace stolen during the H Bee robbery, enjoying the fruits of the group's crime spree with other defendants and Ghost Town members. Rabon has posted on his social media pledged his loyalty to the gang, reposting a video in July 2023 and adding the caption, "Til death do us apart I'm with the gang I took my vows" (see image below). The defense cases involve defendants who were younger, nonviolent, with no criminal history, and no known gang ties – that is not Garland Rabon.

This is not the type of crime for which a CAP referral is appropriate. Nor is Rabon the type of defendant for which CAP was designed. The government respectfully submits that the Court should decline to refer Rabon for further CAP evaluation.

DATED: July 31, 2025

Respectfully submitted,
CRAIG H. MISSAKIAN
United States Attorney

____/s/_____
JONATHAN U. LEE
WENDY M. GARBERS
Assistant United States Attorney

 

Rabon pictured on right.                    Rabon pictured on far left.



Posted with caption in July 2023

U.S. OPP TO CAP REFERRAL
No. 23-cr-00191-AMO-3                    3